CLARK, Circuit Judge:
The Appellant Larry Earl Fawcett brings this appeal seeking relief from an order of the bankruptcy court affirmed by the district court which required Fawcett, a debt- or in a Chapter 13 proceeding, to pay post-petition interest on debtor’s tax liability to the United States.
The government filed a notice of tax lien on February 18, 1982 with respect to an assessment in the amount of $18,867.00 against Fawcett for failure to pay withholding taxes collected by his business from employees wages. On March 18, 1982 the Commissioner of Internal Revenue levied on and took possession of a Caterpillar Crawler/Tractor owned by the debtor. On April 5, 1982 the debtor filed a petition for relief under' Chapter 13 of the Bankruptcy Code. The government filed a proof of claim in the principal amount of $18,867.00 together with interest to the petition date in the amount of $810.51. The proof of claim listed the unpaid taxes as a secured claim and contained the following statement:
For the purposes of section 506(b) of the Bankruptcy Code, post-petition interest may be payable.
Record, Vol. Ill p. 108.
The debtor’s plan provided that secured creditors were to be paid in full and specifically stated: “(3) Class 3 — secured debts on business equipment, vehicles, tools and all other secured debts to be paid in full— 100%”
On October 17, 1983 the debtor filed a “Notice Under Section 363(b) of Intention to Sell Property of Estate of Chapter 13 Debtor Engaged in Business,” which provided for the sale of the Caterpillar Tractor upon which the government had a lien. The notice provided that the sale would be for $25,000.00 and specifically provided that the I.R.S. would be paid $15,077.41 (the amount of the claim of the I.R.S. minus payments made by the trustee to I.R. S.). The I.R.S. filed an objection to the debtor’s notice of intention to sell claiming that the amount due must include post-petition interest up to the date of sale. The bankruptcy court entered an order approving the sale provided that the I.R.S. receive from the sale the full amount of unpaid federal taxes plus all interest due and owing as of the date of the sale. The district court affirmed the decision of the bank *590 ruptcy court and the debtor brings this appeal.
We hold that contrary to the assertion of the appellant, the government was entitled to post-petition interest. Appellant argues that the I.R.S. was required to file a more specific proof of claim that demanded not only the $18,867.00 principal plus the $810.51 interest to the petition date, but also post-petition interest. We hold that the government’s statement in its proof of claim that: “[f]or the purposes of section 506(b) of the Bankruptcy Code, post-petition interest may be payable” is sufficient notice to the debtor that the government was asserting a claim for post-petition interest.
The appellant urges that the government should have objected to this plan pursuant to 11 U.S.C. § 1324 which provides that “a party in interest may object to the confirmation of the plan.” Section 1327(a) binds the debtor and each creditor to the provisions of a confirmed plan, and section 1326(b) provides that the trustee shall make payments to the creditors according to the plan. Fawcett argues that the failure of the I.R.S. to object to the plan prevents it from now claiming post-petition interest. However, we find appellant’s argument to overlook the plain language of the I.R.S.’s claim which stated that post-petition interest would be claimed under section 506(b). The debtor was on notice that the government would seek post-petition interest from its proof of claim. The government had no notice that it would receive anything less than full payment, including post-petition interest under the plan.
We concede that the government’s claim could have been more specific with regard to post-petition interest. However, the plan itself could have been more specific by explicitly excluding “post-petition interest,” rather than simply stating that secured claims would be paid in full — 100%. Under these facts we fault the debtor for any ambiguity, not the creditor. The crucial point is that the plan was confirmed by the court. It is the debtor’s obligation when seeking the court’s confirmation to specify as accurately as possible the amounts which it intends to pay the creditors. See 11 U.S.C. § 1325(a)[1].
One of the key considerations in court approval of a plan is whether the plan is proposed in good faith. 11 U.S.C. § 1325(a)(3). See In Re: Kitchens, 702 F.2d 885 (11th Cir.1983). While this issue is not directly before us on appeal the debtor’s assertion that its plan did not envision the payment of post-petition interest calls into question the debtors continued good faith given the plan’s statement that all secured claims were to be paid in full— 100%. As noted by the Second Circuit in In Re: Johnson, 708 F.2d 865 (2d Cir.1983): “ ‘Good faith,’ while not defined by statute or legislative history, ... certainly does, however, require ‘honesty of intention,’ ... in the sense of focusing on the debtor’s *591 conduct in the submission, approval and implementation of a Chapter 13 bankruptcy plan.” Id. at 868 (citations omitted) (emphasis added).
If a debtor submits a generalized statement that it will pay secured creditors in full — 100%, creditors are entitled to interpret that statement as guaranteeing the payment of each and every part of the creditor’s claim. If the debtor wishes to be more specific and secure a confirmed plan that modifies the plain language of a 100% payment guarantee, it is the debtor’s duty to put the creditor on notice by specifically detailing any exceptions. Failing this, the debtor as draftsman of the plan has to pay the price if there is any ambiguity about the meaning of the terms of the plan. This comports with the long-standing rule that ambiguous terms of a document are to be interpreted against the party that drafted them. See C.A. May Marine Supply Co. v. Brunswick Corp., 557 F.2d 1163, 1165 (5th Cir.1977). Given the facts of this case, we have no difficulty in holding that the I.R.S. put the debtor on notice that it would be claiming post-petition interest while the debtor failed to put the I.R.S. on notice that its claim would not be paid in full by the amount of the post-petition interest. The judgment of the district court is affirmed.
AFFIRMED.

. Section 1325(a) reads:
(a) The court shall confirm a plan if—
(1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;
(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;
(3) the plan has been proposed in good faith and not by any means forbidden by law;
(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;
(5) with respect to each allowed secured claim provided for by the plan—
(A) the holder of such claim has accepted the plan;
(B) (i) the plan provides that the holder of such claim retain the lien securing such claim; and
(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
(C) the debtor surrenders the property securing such claim to such holder; and
(6) the debtor will be able to make all payments under the plan and to comply with the plan.