**In re Harold, Blanche and Glen CONRAD d/b/a Conrad Farms.**

**Bankruptcy No. 87–30089 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

June 3, 1992.

Randy Philhours, Paragould, Ark., for debtors.

Ralph Waddell, Jonesboro, Ark., for Federal Land Bank.

### ORDER RE MOTION FOR CLARIFICATION ·

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Motion for Clarification filed by the debtors. The dispute between the debtors and the Federal Land Bank centers around the proper application of payments received by the Federal Land Bank from the trustee. Federal Land Bank contends that it is entitled to post-petition interest, costs and attorneys' fees under 11 U.S.C. § 506(b). The debtors contend that the confirmed plan does not provide for post-petition interest, costs, and attorneys' fees such that the Federal Land Bank may not collect such fees.

### I. PROCEDURAL BACKGROUND

The debtor moved for clarification of an Order of Court relating to settlement of an objection to confirmation. The Order signed by the Court had been submitted by the parties. On January 31, 1992, the parties submitted a joint motion requesting that the motion for clarification, set for hearing on February 4, 1992, be removed from the docket. The basis of the motion was that there were no disputed facts and the matter should be submitted on stipulated facts and briefs. On February 6, 1992, the Court signed an order permitting this procedure. The parties submitted the stipulation and briefs on February 28, 1992.

Upon a review of the arguments submitted by the parties, the Court became concerned that the debtors in fact relied

upon facts outside of the stipulation, precluding a decision based upon the stipulation alone. Specifically, the debtors' brief intimated that particular items were discussed and agreed during the settlement negotiations. Accordingly, the Court set the matter for hearing as follows:

> ORDERED that the attorneys or other persons who conducted the negotiations that are the subject of the motion to clarify shall appear on April 16, 1992, at the U.S. Courthouse located in Jonesboro, Arkansas, at 10:00 a.m., to testify regarding the negotiations. The Court suggests that the attorneys bring their own counsel.

> ORDERED that the parties may again agree that this matter should be removed from the docket only upon the following conditions: the parties sign a joint certification, submitted to the Court no later than April 13, 1992, stating that no further evidence will be submitted by either party and each party is strictly bound by the facts as presented in the stipulation. In this event, the parties are advised that the Court will not consider facts outside the stipulation.

Pursuant to this Order, on April 13, 1992, counsel submitted a joint certification agreeing that the parties would "be strictly bound by the facts as presented in the Joint Stipulation signed by the parties hereto."

 Parties are bound by their stipulations. *O'Connor v. City & County of Denver*, 894 F.2d 1210, 1225 (10th Cir. 1990); *Morelock v. NCR Corporation*, 586 F.2d 1096, 1107 (6th Cir.1978), *cert. denied*, 441 U.S. 906, 99 S.Ct. 1995, 60 L.Ed.2d 375 (1979). Where parties submit matters on the written record, the parties have authorized the judge to decide the issues of material fact that exist, whether or not argued or even anticipated by the parties. *Boston Five Cents Savings Bank v. Department of Housing and Urban Development*, 768 F.2d 5, 11–12 (1st Cir.1985). This situation is distinguishable from the situation in which the parties submit the matter on cross-motions for summary judgment. If cross-motions for summary judgment are filed, an issue of fact will require

that the Court set the matter for trial in order to hear additional evidence. *Id.* In the case at bar, the parties have authorized the Court to decide the facts on the evidence they have submitted.

## II. STIPULATION OF FACTS

The parties stipulated as follows:

"1. That on March 10, 1987, Debtors herein filed their Petition for relief under Chapter 12 of the United States Bankruptcy Code.

"2. That on June 8, 1987, the Debtors filed their first Plan as per the requirements of Chapter 12 of the United States Bankruptcy Code, a copy of which is attached hereto, marked Exhibit A, and incorporated by reference herein.

"3. That among other things, the Plan stated that Glen Conrad was indebted to the Federal Land Bank in the amount of $74,769.57 and Harold and Blanche Conrad are indebted to Federal Land Bank in the amount of $90,799.40. The Plan provided that on the effective date of the Plan after confirmation, Federal Land Bank would retain its mortgage in debtors' farmland and receive the fair market value of said farmland in the amount of $133,699.00 amortized for forty (40) years at 6.5% for annual payments in the amount of $9,452.52.

"4. That on or about June 29, 1987, Federal Land Bank objected stating that Glen Conrad was indebted to Federal Land Bank as of the date of the filing of the Petition in the amount of $74,390.07 and that Harold and Blanche Conrad were indebted to Federal Land Bank in the amount of $91,875.19 and that the values assigned to the collateral in the Plan were far below the actual value of the land, thereby denying the Federal Land Bank the right to be paid the value of its collateral and interest thereon at the contract, or at the very least, the current market rate. A copy of said Objection is attached hereto, marked Exhibit B and incorporated by reference herein. That on or about July 9, 1987, Federal Land Bank amended its Objection. Said Amendment is attached hereto,

marked Exhibit C, and incorporated by reference herein.

"5. That on December 2, 1987, the Debtors filed their Second Plan reflecting debts owed by the Debtors to Federal Land Bank in the exact amount alleged by Federal Land Bank in its Objection. A copy of said Second Plan is attached hereto, marked Exhibit D and incorporated by reference herein.

"6. That on or about the 30th day of December, 1987, Federal Land Bank objected to the interest rate to be charged but accepted the debt as reflected in Debtors' Modified Plan. A copy of said Objection is attached hereto, marked Exhibit E and incorporated by reference herein.

"7. That on January 29, 1988, at the conclusion of the negotiations by and between the Federal Land Bank and the Debtors, the Debtors filed their third Plan "Second Modified Plan" stating that Glen Conrad was indebted to Federal Land Bank in the amount of $75,469.68 and that Harold and Blanche Conrad were indebted to Federal Land Bank in the amount of $92,-982.19. The Plan provided that Federal Land Bank would be fully secured on their debts in the aggregate amount of $168,-451.87 and that on the effective date of the Plan, after confirmation, Federal Land Bank would retain its mortgage on the debtors' farmland. A copy of said third Plan is attached hereto, marked Exhibit F and incorporated by reference herein.

"8. That on February 29, 1988, the Debtors filed their fourth Plan "Third Modified Plan", the Plan that was confirmed by the Court by Order of March 12, 1988, and no objection was filed by Federal Land Bank. A copy of said Plan is attached hereto, marked Exhibit G and incorporated by reference herein.

"9. To date, Federal Land Bank has made no application for attorney's fees and no Order has been entered granting attorney's fees.

"10. That in its application of payments made to it by the Trustee, the Federal Land Bank has applied $10,060.13 of such amounts to post-petition interest in the debt of Glen Conrad and $13,094.43 as post-petition interest to the debt of Harold and Blanche Conrad and has additionally deducted attorney's fees in the amount of $2,200.00 from the amounts paid to it by the trustee.

"11. All payments required to be made to Federal Land Bank by and through the Trustee's office in the Conrad Chapter 12 Bankruptcy have in fact been made to the Federal Land Bank.

"12. Copies of the Proofs of Claim filed by the Federal Land Bank in connection with this Bankruptcy proceeding is [sic] attached hereto marked, as Exhibits H, I, J, and K and incorporated by reference herein.

"13. The Promissory Notes executed by the Debtors to Federal Land Bank provide for reasonable attorney's fees if said notes are placed in the hands of an attorney for collection.

"14. The real estate owned by Glen Conrad mortgaged to Federal Land Bank was valued at $76,000.00 at the time of the filing of the bankruptcy and the real estate owned by Harold Conrad and Blanche Conrad mortgaged to the Federal Land Bank was valued at $141,700.00 at the time of the bankruptcy filing. However, there was no equity in any of this property as Farmers Home Administration had very large second mortgages on the real estate."

III. PAYMENTS UNDER THE PLAN

The debtors' second modified plan provided that the Federal Land Bank was a fully secured creditor. The Federal Land Bank applied funds received from the Chapter 12 trustee to post-petition interest on the loans and to attorney's fees incurred by the Federal Land Bank. The debtors contend that since the Chapter 12 plan of the debtors does not specifically provide that the Federal Land Bank is entitled to post-petition interest, costs and attorney's fees, the application of funds to post-petition interest, costs and attorney's fees, is erroneous. Federal Land Bank contends that the law and plan itself require that Federal Land Bank is entitled to post-petition interest, costs and attorney's fees as a fully secured

creditor such that the payment applications are correct. *See* 11 U.S.C. § 506(b).

■ Section 506 provides in pertinent part:

> To the extent that an allowed secured claim secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim interest on such claim, and any reasonable fees, costs or charges provided for under the agreement under which such claim arose.

11 U.S.C. § 506(b). Thus, in order to recover under this section, the following requirements must be met: (1) the secured party is oversecured; (2) there is specific contract language entitling the creditor to the recovery of the items; (3) the attorney's fees and costs are reasonable. Of course, the claim must also be an allowed secured claim. There is no dispute as to any of these items. Accordingly, the Federal Land Bank is entitled to recover post-petition interest, costs, and attorneys' fees under section 506(b).

■ The plan acknowledges that the Federal Land Bank is a fully secured creditor. As a fully secured creditor, the Federal Land Bank is entitled by law to the benefits afforded such creditors under section 506(b).[1] *See Fawcett v. United States (In re Fawcett)*, 758 F.2d 588 (11th Cir. 1985). Further, the proof of claim itself is sufficient to put the debtors on notice of the claim of post-petition interest, costs, and attorneys fees.[2] *Fawcett*, 758 F.2d 588. It is the duty of the debtor "to specify as accurately as possible the amounts which it intends to pay the creditors and to state exceptions to payment. *Id.* at 590. The statement in the plan that the Federal Land Bank is fully secured, entitled the Federal Land Bank to believe that it would be paid each and every part of its claim, *see id.* at 591, such that an objection to the plan was unnecessary.

ORDERED that the Federal Land Bank has appropriately applied payments received from the trustee.

IT IS SO ORDERED

---

1. It is noteworthy that the original provision in the debtors Chapter 12 plan provided that no post-petition interest, costs, or fees would be paid. The provision was deleted from the plan as confirmed.

2. The claim provides for daily interest accruals.