John Uzzelle ROWLAND, et al. *v*. FARM CREDIT BANK of ST. Louis

CA 92-699                                      848 S.W.2d 433

Court of Appeals of Arkansas
Division II
Opinion delivered March 3, 1993
[Rehearing denied March 31, 1993.]

*Nance & Nance, P.A.*, by: *C.B. Nance*, for appellants.

*Barrett, Wheatley, Smith & Deacon*; and *Kemp, Duckett, Hopkins & Spradley*, for appellee.

JOHN MAUZY PITTMAN, Judge. The appellants in this case, beneficiaries under a testamentary trust created by their grandmother's will, appeal from an order foreclosing the liens of two mortgages on trust property in favor of appellee and mortgagee, Farm Credit Bank of St. Louis. Appellants contend their father, the executor of their grandmother's estate and trustee of the trust, was without authority to mortgage the property for his personal benefit and that a 1977 probate court order purporting to grant the executor that authority was void for lack of probate court jurisdiction over the mortgaged property. We affirm.

The land described in the mortgages consists of two tracts, referred to by the parties as Tracts I and II. Title to both tracts was vested in Charline Uzzelle Rowland on the date of her death in 1972. Her will was admitted to probate and her son, W.W. Rowland III, was nominated as executor of her estate. Tract I, then encumbered by two mortgages, was placed in a testamentary trust created by the deceased's will. W.W. Rowland III was named trustee and life beneficiary of the trust. Appellants, John Uzzelle Rowland, David Robinson, Walter Williams Rowland IV, and Tipton Rowland (children of W.W. Rowland III), are "remainder beneficiaries" under the trust. Upon Charline Uzzelle Rowland's death, title to Tract II vested in W.W. Rowland III, individually, subject to the right of dower of his wife, Betty Robinson Rowland. Appellants are not interested in the lands included within Tract II.

Albert and Wayne Streeter, d/b/a Streeter Brothers Partnership, are tenants in possession of the lands which are the focus of this foreclosure suit. By agreement, their rental payments have been paid into the court's registry.

By probate court order dated October 20, 1977, W.W. Rowland III was authorized as trustee and as executor of the estate of Charline Uzzelle Rowland to borrow $225,000.00 from appellee and to mortgage Tracts I and II as security. The probate court's stated reason for granting that authority was to allow acquisition of funds to pay taxes and debts of the decedent, to refinance the existing mortgages, and to benefit the beneficiaries of the trust and W.W. Rowland III, individually.

On May 23, 1979, W.W. Rowland III, as trustee and as executor of the estate of Charline Rowland, and W.W. Rowland III and his wife, individually, made application for a loan from appellee for $165,000.00. On May 30, 1979, they borrowed $165,000.00 from appellee. This loan was secured by a first mortgage on Tracts I and II. The note and mortgages securing the debts were executed by W.W. Rowland III, as executor and trustee, and by W.W. Rowland III and his wife, individually. The existing mortgages to Equitable Life Assurance Society and Prudential Insurance Company of America securing the debts of the decedent were satisfied from the proceeds of this loan.

On October 31, 1980, the executor borrowed an additional $35,000.00 from appellee for the stated purpose of installing an irrigation system. This loan was secured by a second mortgage on Tracts I and II. The note and mortgages securing the debt were again executed by W.W. Rowland III, as executor and trustee, and W.W. Rowland III and his wife, individually. No irrigation system was ever installed.

When the payments due under the promissory notes were not timely made, appellee commenced this foreclosure action in chancery court against W.W. Rowland III as executor and trustee, W.W. Rowland III and his wife individually, the remainder or trust beneficiaries, and the tenants in possession. The chancery court granted judgment upon the promissory notes *in rem* and *in personam* against the estate of W.W. Rowland III and against his widow, and *in rem* as against any and all of the appellants' interests in the property. The court ordered that

Tracts I and II be sold at public auction in the event the judgment was not paid. It is from this order that appellants appeal.

On appeal, appellants contend that the 1977 order of the probate court authorizing the executor to mortgage Tract I is void on its face and that the executor was not authorized to mortgage the property. Therefore, appellants contend, the two mortgages are not enforceable against Tract I. They further contend that the trust is entitled to a *pro rata* share of the rental income that is held in the court's registry.

■ Admittedly, appellants' defense to the foreclosure action and their contentions on appeal constitute a collateral attack on the 1977 probate court order purporting to authorize the loans and mortgages in question. Clearly, however, a judgment cannot be collaterally attacked unless it is void on the face of the record or the rendering court is shown to have lacked subject-matter jurisdiction. *Brown* v. *Kennedy Well Works, Inc.*, 302 Ark. 213, 788 S.W.2d 948 (1990); *Reed* v. *Futrall*, 195 Ark. 1044, 115 S.W.2d 542 (1938). Where a court has jurisdiction of the subject matter, its judgment, even if erroneous, is conclusive so long as not reversed, and cannot be attacked collaterally. *Brown* v. *Kennedy Well Works, supra*; *Sewell* v. *Reed*, 189 Ark. 50, 71 S.W.2d 191 (1934).

Article 7 § 34 of the Arkansas Constitution, as amended by Amendment 24, provides that probate courts "have such exclusive original jurisdiction in matters relative to the probate of wills, the estates of deceased persons, executors, and administrators, guardians, and persons of unsound mind and their estates, as is now vested in courts of probate, or may be hereafter prescribed by law." Arkansas Code Annotated § 28-1-104(a)(1) (1987) provides that probate courts have jurisdiction over the administration, settlement, and distribution of estates of decedents. As far as real property is concerned, Ark. Code Ann. § 28-49-101(b)(1) (1987) provides:

> Real property shall be an asset in the hands of the personal representative when so directed by the will, if any, or *when the court finds that the real property should be sold, mortgaged, leased, or exchanged for any purpose enumerated in § 28-51-103*, irrespective of whether any personal property of the estate, other than money, is available for

such purpose. [Emphasis added.]

Arkansas Code Annotated § 28-51-103 (1987), in turn, provides in part as follows:

> (a) Real or personal property belonging to an estate may be sold, mortgaged, leased, or exchanged under court order when necessary for any of the following purposes:
>
> (1) For the payment of claims;
>
> (2) For the payment of a legacy given by the will of the decedent;
>
> (3) For the preservation or protection of assets of the estate;
>
> (4) For making distribution of the estate or any part thereof; or
>
> (5) For any other purpose in the best interest of the estate.

Here, an order was entered by the probate court on October 20, 1977, authorizing the executor to borrow as much as $225,000.00 from appellee and to secure the loan by executing mortgages on Tracts I and II. According to that order, the probate court so authorized the executor in order that he would have funds for certain expressed purposes, including paying the taxes, debts, and mortgage indebtedness of the decedent. We conclude, and appellants do not dispute, that these purposes fall within those permissible ones listed in § 28-51-103. Thus, Tract I became an asset in the hands of the executor and subject to the probate court's jurisdiction. *See* Ark. Code Ann. § 28-49-101(b)(1). We further conclude that the fact that the court may have authorized the mortgaging of the real estate for additional purposes, which were not themselves authorized by statute, did not serve to oust the court of jurisdiction or to render its order void and subject to collateral attack. Since the court had subject-matter jurisdiction, its order is not void and Tract I is subject to the liens in question.

Nor can we agree with appellants' alternative argu-

ment that the property is not subject to the lien of the second mortgage in particular, which was given as security for the $35,000.00 loan. Joe Martin, employed by appellee as a loan officer until 1985, testified that the two loans were part of one continuous transaction. The probate court order authorized the borrowing of $225,000.00. The two loans in question totalled $220,000.00. The order did not preclude the borrowing of a lesser amount initially, and Ark. Code Ann. § 28-51-303(f) (1987) provides that an order permitting property to be mortgaged shall remain in force until terminated by the court.

■ Since the probate court's order is not void, appellants' argument pertaining to rental proceeds must also fail. The mortgages provided that appellee had a lien on all rents, issues, and profits as part of the security for the debts. Appellee is entitled to all the rental proceeds deposited with the court. These proceeds will be applied to the judgment awarded appellee.

As pointed out by the chancellor, appellants may have a cause of action against the estate of the executor, who died subsequent to the filing of this action. That, however, is independent of the present action.

Affirmed.

JENNINGS, C.J., and COOPER, J., agree.