Mary (Henson) REYES, as Administratrix of the Estate of
Billy Henson, Deceased *v.* Lucy JACKSON

CA 91-514                                   861 S.W.2d 554

Court of Appeals of Arkansas
Division II
Opinion delivered September 29, 1993

*Wilson & Castleman,* by: *Richard L. Castleman,* for

appellant.

*Riffel, King & Smith*, by: *Kirby Riffel*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from a judgment setting forth appellee's entitlement to the proceeds of an insurance policy. As the only issue on appeal, appellant contends that the trial court erred in denying its motion to dismiss. We sustain appellant's argument and reverse.

Appellee, Lucy Jackson, brought this lawsuit in the Craighead County Circuit Court against the John Hancock Life Insurance Company. In her complaint of February 4, 1991, appellee alleged that she was entitled to the proceeds of an insurance policy the company had issued on the life of Billy G. Henson because she was the named beneficiary at the time of Henson's death. The appellant, Mary Reyes, in her capacity as the Administratrix of the Estate of Billy G. Henson, filed a motion to intervene in this lawsuit. In the motion, the estate alleged that it had an interest in the proceeds by virtue of a default judgment which was granted the estate against appellee on November 19, 1990, by the Chancery Court of Randolph County. The trial court allowed the intervention. The life insurance company thereafter interpled the proceeds of the policy and appellee's claim against it was dismissed with prejudice.

The subject of this appeal is the denial of appellant's motion to dismiss. In this motion, appellant contended that principles of *res judicata* and collateral estoppel barred appellee from relitigating her claim to the proceeds because of the default judgment rendered against her in the Randolph County Chancery Court. In the chancery court action, the estate had sued appellee over the proceeds of the policy. In the default judgment, which was attached as an exhibit to the motion, it was specifically found by the chancery court that appellee had procured the change of beneficiary of the life insurance policy by fraud, and the court declared the proceeds to be property of the estate[1]. The trial

---

[1] During the pendency of the instant litigation, appellee was pursuing an appeal from the default judgment. We affirmed the chancery court's denial of her motion to set aside the default judgment in an unpublished opinion, *Jackson* v. *Reyes, as Adminstratrix of the Estate of Henson*, CA 91-139 (February 26, 1992).

court, however, denied appellant's motion to dismiss reasoning that the actual dispute over the proceeds was among appellee, the insurance company and Mary Reyes, who was the beneficiary of the policy just prior to the change to appellee. The trial court then concluded that, since neither Ms. Reyes nor the insurance company were parties to the former lawsuit, neither *res judicata* nor collateral estoppel barred appellee's present suit. The court further stated that the estate had no interest in the matter since insurance proceeds typically vest outside of an estate. On appeal, appellant contends that the trial court's ruling was in error. We agree.

■■ Collateral estoppel, or issue preclusion, bars the relitigation of issues of law or fact actually litigated by the parties in the former suit. *Cater* v. *Cater*, 311 Ark. 627, 846 S.W.2d 173 (1993). Issue preclusion, or the collateral estoppel aspect of *res judicata*, is limited to those matters previously at issue which were directly and necessarily adjudicated. *Bailey* v. *Harris Brake Fire Protection Dist.*, 287 Ark. 268, 697 S.W.2d 916 (1985). In the former lawsuit between appellant and appellee, it was decided that appellee fraudulently induced the deceased to name her as the beneficiary of the policy. It was also settled that the estate was to receive the proceeds of the life insurance policy. In the present case, appellee asserted that she was entitled to the proceeds as the named beneficiary. Because the issue of ownership was decided in the previous lawsuit, appellee is collaterally estopped from again litigating the matter. It follows that the trial court erred in denying appellant's motion to dismiss.

■ We also disagree with the trial court's conclusion that the estate had no interest in the matter since life insurance proceeds pass outside an estate. Such reasoning is tantamount to a collateral attack on the default judgment. A judgment by default is just as binding and enforceable as a judgment entered after a trial on the merits. *Murry* v. *Mason*, 42 Ark. App. 48, 852 S.W.2d 830 (1993). Where a court has jurisdiction of the subject matter, its judgment, even if erroneous, is conclusive so long as not reversed and cannot be attacked collaterally. *Rowland* v. *Farm Credit Bank*, 41 Ark. App. 79, 848 S.W.2d 433 (1993).

■ In this review we have not overlooked appellee's assertion that collateral estoppel does not apply because Mary Reyes,

as an individual, was not a party to the previous lawsuit. In support of the trial court's decision, appellee contends that the default judgment does not inure to Ms. Reyes' benefit because the default was in favor of Ms. Reyes as the administratrix of the estate. We do not consider the question of whether Ms. Reyes, individually, can assert collateral estoppel for the simple reason that Ms. Reyes does not appear to be a party to this litigation. The party who intervened in this lawsuit was Mary Reyes, but only in her capacity as the administratrix of the estate. Similarly, the motion to dismiss was asserted on behalf of the estate, and the party who has appealed from the judgment is Mary Reyes, as the administratrix of the estate. Although it appears that Ms. Reyes was given leave to intervene, she did not do so as the record reveals no pleadings or appearances entered on her behalf. Moreover, neither the style nor the language of the judgment mentions Ms. Reyes individually. We also note that she was not otherwise joined as a party to this action. In short, the issue of whether Ms. Reyes can assert that the former judgment as a bar to appellee's suit is not properly before us because Ms. Reyes is not a party to this litigation. Any comment on this issue would transgress the settled practice of not discussing questions of theoretical interest only. *Russell* v. *Miller*, 253 Ark. 583, 487 S.W.2d 617 (1972).

Reversed.

JENNINGS, C.J., and PITTMAN, J., agree.