**In re Joseph and Thelma HOGAN.**

**James F. DOWDEN, Trustee, Plaintiff,**

**v.**

**Joseph HOGAN and Thelma Hogan, Defendants.**

**Bankruptcy No. 96–40689 S. Adversary No. 97–4144.**

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

Oct. 6, 1997.

See also 208 B.R. 459.

Scott A. Frick, Memphis, TN, for Trustee.

Stuart W. Hankins, Basil Hicks, North Little Rock, AR, for Defendants.

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Motion of Plaintiff for Summary Judgment, filed on September 2, 1997. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified by 28 U.S.C. § 157(b)(2)(H).

In April 1994, USF & G filed a complaint against the Hogans in the United States District Court for the Eastern District of Arkansas. Within a month after the filing of that complaint, the debtors began systematically liquidating and transferring their assets. Upon liquidation of their assets, including their homestead valued at § 99,-445.20, the debtors purchased a much larger home at a price of $229,000, paying $220,000 in cash for the new home. *United States Fidelity & Guaranty Co. v. Hogan (In re Hogan)*, 208 B.R. 459 (Bankr.E.D.Ark.1997).

On February 23, 1996, the debtors filed a chapter 7 bankruptcy case claiming the new homestead, purchased in July 1994, exempt

under the Arkansas Constitution art. 9. USF & G timely filed an objection to exemptions, on April 25, 1996, and an adversary proceeding objecting to the debtors' discharge based upon the numerous transfers of property, 11 U.S.C. § 727(a)(2)(A). The adversary proceeding objecting to the debtors [1] discharge was tried, and, although judgment was entered in favor of the debtors' on April 22, 1997, the Court specifically found that the debtors had made the subject transfers with the intent of hindering, delaying or defrauding their creditors. *United States Fidelity & Guaranty Co. v. Hogan (In re Hogan)*, 208 B.R. 459 (Bankr.E.D.Ark.1997). On July 7, 1997, the trustee filed this adversary proceeding seeking to set aside numerous conveyances as fraudulent, pursuant to 11 U.S.C. § 544 and Ark.Code Annot. § 4–59–207. The trustee moves for summary judgment on the basis that the Court has already determined that the transfers were made with the requisite fraudulent intent.

The trustee argues that this Court's Order of April 22, 1997, *United States Fidelity & Guaranty Co. v. Hogan (In re Hogan)*, 208 B.R. 459 (Bankr.E.D.Ark.1997), precludes relitigation of the issue of fraud. In order to apply collateral estoppel, four elements must be present:

(1) the issue sought to be precluded must be the same as that involved in the prior action;

(2) the issue must have been litigated in the prior action;

(3) the issue must have been determined by a valid and final judgment; and

(4) the determination must have been essential to the prior judgment.

*Tudor Oaks Limited Partnership v. Cochrane, (In re Cochrane)*, 124 F.3d 978, 983 (8th Cir.1997).

 At this juncture of the case, however, there has not been a determination of fraud by the court that was "essential to the prior judgment." Collateral estoppel will apply only to determinations that are necessary to

1. Since section 727(a)(2)(A) requires that the transfers must have occurred within one year prior to the filing of the petition in bankruptcy, and all of the transfers occurred more than one year prior to the debtors' second petition in bankruptcy, the Court had no choice but to dismiss the complaint.

support the judgment entered in the first action. This concept is important in this case because the debtors could not obtain appellate review of this Court's determination of fraud in the first case. Since they won on the merits in Adversary Proceeding 97–4070, they had no grounds for an appeal. While there are many distinctions and refinements in the general analysis of this element of the collateral estoppel principle, *see generally* Wright & Miller *Civil Practice & Procedure* § 4421, the distinctions need not be addressed here because this case presents the quintessential reason for the existence of this particular element. It would be manifestly unfair to apply collateral estoppel to the finding of fraud where there was no realistic opportunity for an appeal of that finding. That is not to say, however, the collateral estoppel will not hereafter apply. For exam-

ple, the Court's ruling in the Order Sustaining Objection to Exemptions, filed in the case file on October 4, 1997, may have collateral estoppel effect in this or other litigation with these debtors. It is

**ORDERED** that the Plaintiff's Motion for Summary Judgment, filed on September 2, 1997, is DENIED without prejudice to the refiling of a motion for summary judgment based upon the Order Sustaining Objection to Exemptions.

**IT IS SO ORDERED.**