**In re Tommy CAGLE.**

**Virginia Glass, Plaintiff,**

v.

**Tommy Cagle, Defendant.**

**Bankruptcy No. 00–42884 S.
Adversary No. 00–4104.**

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

Sept. 29, 2000.

Kevin G. Beckham, Jacksonville, AR, for Plaintiff.

Paul Schmidt, Cabot, AR, for debtors.

M. Randy Rice, Little Rock, AR, Chapter 7 Trustee.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Motion for Summary Judgment, with supporting brief, filed on August 28, 2000, to which the defendant responded on September 20, 2000.

On January 24, 2000, the plaintiff, Virginia Glass, filed a complaint against the debtor alleging various causes of action, including a claim for fraud. The fraud count expressly alleged that the debtor willfully and maliciously defrauded her and that she was entitled to punitive damages. The debtor failed to answer or otherwise respond to the complaint, and, after hearing, the Chancery Court of Lonoke County, Arkansas, entered a default judgment on March 9, 2000, against the debtor for $11,679.56 actual damages plus punitive damages in the same amount, for a total judgment of $23,359.12. The debtor apparently later submitted an answer and sought to set aside the default and judgment, but the post judgment motions were denied. On July 7, 2000, the debtor filed this chapter 7 bankruptcy case, and Glass timely filed a complaint objecting to the dischargeability of the debt pursuant to Bankruptcy Code section 523(a)(6) [1] on the grounds that the debtor defendant wilfully and maliciously defrauded her.

The motion for summary judgment requests that this Court apply the doctrine of collateral estoppel inasmuch as a state court previously entered a default judgment. The debtor admits that a default judgment was entered, but generally argues the merits of the case, particularly that punitive damages were not appropriate.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(I).

■ It is well settled that collateral estoppel principles apply in dischargeability proceedings before the bankruptcy court. *See Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991);

*In re Speight,* 16 F.3d 287 (8th Cir.1994); *Fischer v. Scarborough (In re Scarborough),* 171 F.3d 638, 641 (8th Cir.1999). Since the state court judgment is based upon the same factual issue to be decided in this dischargeability proceeding, the state court finding is, in the normal course, entitled to collateral estoppel effect. *See Speight,* 16 F.3d 287.

■ The question for this Court is whether collateral estoppel principles apply where the judgment was obtained by default. In determining whether collateral estoppel applies to a default judgment, it is necessary to look to the state rules of decision regarding the doctrine. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *Fischer v. Scarborough (In re Scarborough),* 171 F.3d 638, 641 (8th Cir.1999). The law in Arkansas regarding this issue is clear and consistent. For collateral estoppel purposes, a "judgment by default is just as binding and enforceable as judgment entered after a trial on the merits." *Reyes v. Jackson,* 43 Ark.App. 142, 861 S.W.2d 554, 555 (Ark.Ct. App.1993). *Accord Arnold & Arnold v. Williams,* 315 Ark. 632, 870 S.W.2d 365, 369 (applying *res judicata* to default judgment), *cert. denied,* 513 U.S. 990, 115 S.Ct. 489, 130 L.Ed.2d 400 (1994); *Davidson v. Hartsfield,* 250 Ark. 1072, 468 S.W.2d 774, 779 (1971); *Murry v. Mason,* 42 Ark.App. 48, 852 S.W.2d 830 (Ark.Ct.App.1993); *Williams v. Connecticut General Life Ins. Co.,* 26 Ark.App. 59, 759 S.W.2d 815 (Ark.Ct.App.1988)(applying *res judicata* to default judgment); *Meisch v. Brady,* 270 Ark. 652, 657, 606 S.W.2d 112, 114 (Ark.Ct. App.1980). The fact that the debtor did not appear during the proceeding does not preclude the collateral estoppel effect of the state court determination. The policies underlying the concept of collateral

---

1. The Bankruptcy Code provides that:

 A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

 (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

 11 U.S.C. § 523(a)(6).

estoppel require, in general, that a judgment, by default or after full defense, be given full faith and credit by this Court. *See Kapp v. Naturelle, Inc.*, 611 F.2d 703, 710 (8th Cir.1979)("Kapp has neither adequately pleaded nor adequately proved that the state court default judgments were tainted with fraud. The state court [default] judgments finally adjudicated Kapp's liability ... and the doctrines of *res judicata* and full faith and credit required the bankruptcy court to honor those judgments and to allow the claims.").

 The policies of the Bankruptcy Code and the burdens apportioned in dischargeability proceedings do not require a different rule. The bankruptcy courts which have struggled with this concept have focused primarily upon the "actually litigated" elements of the collateral estoppel doctrine.[2] "Actually litigated" means that the particular fact or matter was distinctly put in issue and directly determined, *Brooks v. Arkansas–Louisiana Pipe Line Co.*, 77 F.2d 965 (8th Cir.1935); *Pulaski County v. Hill,* 134 S.W. 973, 97 Ark. 450 (Ark.1911); *Arkansas Dept. of Human Services v. Dearman,* 842 S.W.2d 449, 40 Ark.App. 63 (Ark.Ct.App.1992). *See generally, Rally Hill Productions, Inc. v. Bursack (In re Bursack),* 163 B.R. 302, 306 (Bankr.M.D.Tenn.1994)(cogent discussion of "actually litigated").

 There is no question that the issue of whether the debtor acted wilfully and maliciously was directly before the state court. This Court has before it the state court complaint, which makes the factual allegations. The judgment, on the specific allegations in the complaint, constitutes a finding that the debtor acted wilfully and maliciously. *See Laughter v. Speight (In re Speight),* 167 B.R. 891 (W.D.Ark.1993)(plaintiff introduced judgment as proof of breach of fiduciary duty

for section 523(a)(4) cause of action), *aff'd,* 16 F.3d 287 (8th Cir.1994). Further, the judgment includes an award of punitive damages, which necessarily required proof of malice because, under Arkansas law, wilfulness and malice are necessary facts to be decided in awarding punitive damages. *Cassady v. United Insurance Co. of America,* 370 F.Supp. 388, 398 (W.D.Ark. 1974); *Orsini v. Larry Moyer Trucking, Inc.,* 310 Ark. 179, 833 S.W.2d 366, 368 (Ark.1992).

Thus, for collateral estoppel purposes, there has been a finding, on the merits, by a court of competent jurisdiction, that the debtor wilfully and maliciously caused damage to the plaintiff. The issue was actually litigated inasmuch as the issues of wilfulness and malice were directly placed in litigation, not only on the liability portion of the judgment, but also litigated as a necessary and essential determination for purposes of an award of punitive damages. Debtor admits that the findings, as well as a final judgment, exist. There is no evidence that the judgment was, in any manner, obtained by fraud. Inasmuch as a court of competent jurisdiction determined that the debtor wilfully and maliciously injured property of the plaintiff, the state court determination is entitled to collateral estoppel effect in this dischargeability proceeding relating to that injured property.

 The debtor's arguments solely address the merits of the case, specifically arguing the amount of damages was not justified, and that this Court should take testimony to substantiate the amount of the liability and the punitive damages. The debtor further asserts that he did not commit fraud. These arguments do not address the real issue before the Court, however—the binding effect of the state court judgment. This Court has no authority to examine the facts and underly-

---

**2.** In order to apply collateral estoppel, four elements must be present: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been "actually litigated" in the prior action; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment. *Miera,* 926 F.2d at 743 (8th Cir.1991).

ing merits of the debtor's actions because it has already been held that the debtor acted wilfully and maliciously with regard to the subject debt. Indeed, the state court has even ruled on the equitable arguments regarding the debtor's failure to appear and defend as required under the rules of civil procedure. This Court is required to accept the final judgment of the state court. Accordingly, the debt is nondischargeable pursuant to Bankruptcy Code section 523(a)(6). Judgment will be entered in favor of the plaintiff.

The amount of nondischargeable debt includes not only actual damages, but also punitive damages, *Miera*, 926 F.2d at 745 ("The language of section 523(a)(6) is directed at the nature of the conduct which gives rise to the debt, rather than the nature of the debt."). Accordingly, the entire amount of debt reflected in the judgment, plus interest and costs, is non-dischargeable in this bankruptcy proceeding.

**ORDERED** that the Plaintiff's Motion for Summary Judgment, filed on August 28, 2000, is GRANTED.

**IT IS SO ORDERED.**