In re Carole Sue BLAIR, Debtor.

Countrywide Home Loans, Inc., Plaintiff,

v.

Carole Sue Blair, Defendant.

Bankruptcy No. 3:04–BK–75614. Adversary No. 3:05–AP–7005.

United States Bankruptcy Court, W.D. Arkansas, Harrison Division.

May 27, 2005.

Amy C. Estes, Fayetteville, AR, for Countrywide Home Loans, Inc.

Gail Inman–Campbell, Harrison, AR, for debtor.

John T. Lee, Chapter 7 Trustee.

## MEMORANDUM OPINION AND ORDER

RICHARD D. TAYLOR, Bankruptcy Judge.

Before the Court are competing motions for summary judgment filed by the debtor, Carole Sue Blair, and Countrywide Home Loans, Inc. [Countrywide]. For the reasons stated below, the Court grants Countrywide's motion for summary judgment and denies the debtor's motion for summary judgment.

### Jurisdiction

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

### Background

On May 21, 2004, New Century Mortgage Corp. [New Century] filed a complaint against Jerry R. Wilcox and the debtor, Carole Sue Blair, in state court. The defendants, Blair and Wilcox, were served with a copy of the complaint and summons, but failed to answer. On July 16, 2004, the Circuit Court of Carroll County, Arkansas, entered an Order for Default Judgment against Wilcox and the debtor, which states as follows:

> On this day came on for hearing the Motion for Default Judgment by Plaintiff, New Century Mortgage Corporation, and the court finds:
>
> 1. Plaintiff filed its Complaint in this action on May 21, 2004.

2. Defendants were personally served by process server on May 26, 2004.

3. More than twenty days have elapsed since the Defendants were served.

4. Attached to the Motion as Exhibit "A" is an Affidavit of Indebtedness signed by the Plaintiff certifying under oath as to the truthfulness of the amount due and owing Plaintiff by Defendants.

5. Therefore, pursuant to A.R.C.P. 55 Plaintiff is entitled to judgment by default against the Defendants in the amount of $65,968.90 together with interest accruing from February 7, 2004, until paid at the rate of 8.75%.

Therefore, the Plaintiff is entitled to judgment against Defendants, Carole S. Blair and Jerry Wilcox, in the amount of $65,968.90, together with interest accruing from February 7, 2004, until paid at the rate of 8.75%, plus attorney's fees in the amount of $5,512.50 and costs of this action. . . .

On August 20, 2004, the debtor filed a voluntary chapter 13 petition, which she converted to chapter 7 on October 6, 2004. On December 14, 2004, New Century assigned its interest in the Order for Default Judgment to Countrywide, the plaintiff in this action. On January 6, 2005, Countrywide filed an adversary complaint to determine the dischargeability of the debt to Countrywide. The debtor answered the complaint on February 4, 2005, and filed a motion for summary judgment on April 8, 2005. On April 19, 2005, Countrywide responded to the motion for summary judgment and filed its own motion for summary judgment and a statement of material facts to which it contends there is no genuine issue to be tried. On May 3, 2005, the debtor filed her response to Countrywide's motion for summary judgment. The debtor did not file a separate statement of material facts reflecting the existence of genuine issues to be tried.

### Positions of the parties

In the debtor's motion for summary judgment, the debtor attached a copy of the state court complaint, admitted that she was properly served with a summons and failed to respond, and attached a copy of the state court's Order for Default Judgment, which is set out above. She also states that the state court complaint and the bankruptcy adversary proceeding involve the same issues and are "almost word for word." The debtor then makes the argument that because the order for default judgment does not specifically make a finding of fraud, the state court, in effect, found there was no fraud. If correct, Countrywide would be precluded from going forward with its adversary proceeding under collateral estoppel principles and the doctrine of res judicata.

In its motion for summary judgment, Countrywide also attempts to use collateral estoppel. It argues that because the state court entered an order for default judgment relating specifically to the issues presented in its adversary proceeding, collateral estoppel entitles it to judgment as a matter of law. As a result, the debt owed to Countrywide by the debtor would be exempt from discharge under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6).

### Collateral Estoppel

The primary argument raised by each party relates to collateral estoppel. The Court can grant summary judgment if it determines that collateral estoppel principles preclude it from conducting further proceedings on issues that have been litigated and ruled upon previously. *Fischer v. Scarborough (In re Scarborough)*, 171 F.3d 638, 641 (8th Cir.1999). According to the Supreme Court, "if nondischargeability must be proved only by a preponderance

of the evidence, all creditors who have secured fraud judgments, the elements of which are the same as those of the fraud discharge exception [in bankruptcy], will be exempt from discharge under collateral estoppel principles." *Grogan v. Garner,* 498 U.S. 279, 285, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The Court then examined the appropriate burden of proof under § 523 and held that the standard of proof for dischargeability exceptions in the code is the ordinary preponderance of the evidence standard. *Id.* at 291, 111 S.Ct. 654. Therefore, if the elements of fraud in the state court action are the same as those required under § 523, the Court must grant Countrywide's motion for summary judgment. In determining whether the state court judgment is entitled to preclusive effect, the Court must apply the law of Arkansas. *Scarborough,* 171 F.3d at 641 (stating that the court must look to the substantive law of the forum state in applying collateral estoppel). In Arkansas, there are four elements required to establish collateral estoppel: "(1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment." *Riverdale Dev. Co. v. Ruffin Bldg. Sys., Inc.,* 356 Ark. 90, 146 S.W.3d 852, 855 (2004).

■ Regarding the first element, Countrywide argues that the debt in the adversary proceeding is exempt from discharge because of the state court default judgment. Section 523(a)(2)(A) of the bankruptcy code states that discharge is not available to a debtor for debts obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). Under § 523(a)(2)(A), to prevail on the first element of collateral estoppel the creditor must prove by a preponderance of the evidence that (1) the debtor made a representation; (2) at the time the debtor knew that the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained the alleged loss and damage as the proximate result of the representation having been made. *Merchants Nat'l Bank of Winona v. Moen (In re Moen),* 238 B.R. 785, 790 (8th Cir. BAP 1999) (citing *In re Ophaug,* 827 F.2d 340 (8th Cir.1987)). The elements of fraud under Arkansas law are substantially similar. The creditor must prove by a preponderance of the evidence the following: "(1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance." *Tyson Foods, Inc. v. Davis,* 347 Ark. 566, 66 S.W.3d 568, 580 (2002). Because the elements to support a finding of fraud under Arkansas law are sufficiently similar to those that support a finding of fraud under bankruptcy dischargeability law, the issue in the present adversary proceeding is the same as one of the issues in state court. The Court finds that the first element of collateral estoppel has been met.

■ The second element of collateral estoppel is that the issue must have been actually litigated. The law in Arkansas regarding default judgments has been stated in numerous cases: "A judgment by default is just as binding and enforceable as a judgment entered after a trial on the merits." *Reyes v. Jackson,* 43 Ark.App.

142, 861 S.W.2d 554, 555 (1993); *see also Glass v. Cagle* (*In re Cagle*), 253 B.R. 437, 439 (Bankr.E.D.Ark.2000) (listing six additional cases in support). The policies underlying the principle of collateral estoppel require that this Court give full faith and credit to a state court judgment, whether obtained by default or after full defense. *Cagle*, 253 B.R. at 439. Accordingly, the Court finds that the second element of collateral estoppel has been met.[1]

■■■■ The third element is that the issue must have been determined by a valid and final judgment. Countrywide has also met this element. In Arkansas, upon entry of an order for default judgment, the facts alleged in the complaint are admitted. *See Kohlenberger, Inc. v. Tyson's Foods, Inc.*, 256 Ark. 584, 510 S.W.2d 555, 560 (1974); *see also Jean–Pierre, M.D. v. Plantation Homes of Crittenden County, Inc.*, 350 Ark. 569, 89 S.W.3d 337, 340–41 (2002) (stating that the court has repeatedly held that a default judgment establishes liability, and citing cases); *Gardner v. Robinson*, 42 Ark.App. 90, 854 S.W.2d 356, 357 (1993) (stating the general rule that in an inquiry of damages upon default, all of the plaintiff's material allegations are to be taken as true). The debtor's conclusion that the state court, failing to include a specific finding of fraud in the default judgment, in effect found there was no fraud is erroneous. The relevant facts alleged in Count III of the complaint are as follows:

43. Blair and Wilcox made false representations of a material fact.

44. Blair and Wilcox or either of them knew the representation was false or reasonably should have known the representation was false.

45. Blair and Wilcox intended to induce New Century to act in reliance upon the misrepresentation.

46. New Century justifiably relied upon the representations and as a result sustained damages in the amount of $65,968.90 together with consequential and incidental damages, attorney fees, costs and lost profits.

Those allegations combined with the order for default judgment are sufficient for this Court to find that the issue of fraud was determined by a valid and final judgment in state court. Consequently, the Court finds that the third element of collateral estoppel has been met.

■■■■ The fourth element is more troubling. It requires that the determination of fraud established in the third element was essential to the judgment entered. The state court complaint included three causes of action: Count I—Resulting Trust/Rescission; Count II—Breach of Contract; and Count III—Fraud. All of the counts were deemed admitted because the debtor failed to answer the complaint. Because of the admission, it appears that the order could have been based on any or all of the three causes of action, including fraud. If so, the fourth element would be met. However, because the court in its order for default judgment simply states that the plaintiff, New Century, is entitled to judgment by default without distinguishing which of the independently adequate grounds it relied upon to support the order, it is not possible for this Court to determine with certainty that Count III—Fraud was "essential to the judgment." Stated another way, the Court cannot conclude that the allegations relating to fraud

1. The Court is cognizant of its decision in *Meeks v. Healthcorp of Tenn.* (*In re Southern Health Care of Ark., Inc.*), 314 B.R. 769 (Bankr.E.D.Ark.2004). That decision is predicated on federal law that considers slightly different elements of collateral estoppel and their commensurate application to the decision involved.

were essential for the state court's order for default judgment when both fraud and non-fraud counts were alleged. *Dimmitt & Owens Fin., Inc. v. Green (In re Green)*, 262 B.R. 557, 564 (Bankr.M.D.Fla.2001). Collateral estoppel applies only to determinations that are necessary to support the judgment entered in the first action. *Dowden v. Hogan (In re Hogan)*, 214 B.R. 1022, 1023–24 (Bankr.E.D.Ark.1997). In the absence of a specific finding of fraud in the order for default judgment, the Court cannot find that the determination of fraud was essential to the order. Hence, the fourth element of collateral estoppel has not been met and collateral estoppel is not an appropriate basis for granting summary judgment in this case.

**Res Judicata**

 The debtor has also moved for summary judgment based on the doctrine of res judicata. The elements of res judicata are clear. According to the Eighth Circuit Court of Appeals,

> [i]n applying the Eighth Circuit test for whether the doctrine of res judicata bars litigation of a claim, we examine whether (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was a final judgment on the merits, and (3) both cases involve the same cause of action and the same parties.

*Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1014 (8th Cir.2002). The first two elements are clearly met in this case. The Circuit Court of Carroll County, Arkansas, is a court of competent jurisdiction, and, as discussed above, the order for default judgment was a final judgment on the merits under Arkansas law. However, the motion for summary judgment fails on the third element.

 In its complaint, Countrywide asks the Court to determine the dischargeability of its debt and find it excepted from the debtor's discharge under §§ 523(a)(2)(A) and (a)(6). Determinations regarding the dischargeability of particular debts are core proceedings under 28 U.S.C. § 157(b)(2)(I) and considered matters of administration of the bankruptcy case. *See* 1 Collier on Bankruptcy ¶ 3.02[3][a], at 3–40 (15th ed. rev.)(2005). These proceedings are unique to bankruptcy. Because of this, the state court does not have jurisdiction and could not have determined the dischargeability of this debt in the state court action. Accordingly, the state court complaint and the adversary proceeding could not have involved the same causes of action and res judicata is not applicable in this situation. *See Jennen v. Hunter (In re Hunter)*, 52 B.R. 912, 915 (D.N.D.1984) ("A pre-bankruptcy judgment, although res judicata on the issue of liability, is not res judicata upon the issue of dischargeability of a debt, which constitutes a different cause of action and which is the ultimate issue in a dischargeability proceeding.").

**Summary Judgment**

Federal Rule of Bankruptcy Procedure 7056 provides that Federal Rule of Civil Procedure 56 applies in adversary proceedings. Rule 56 states that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The burden is on the movant to establish the absence of material fact and identify portions of pleadings, depositions, answers to interrogatories, admissions on file, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the

non-moving party, who must "go beyond the pleadings" and by his or her own affidavits, depositions, answers to interrogatories, and/or admissions on file, designate specific facts to demonstrate that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548.

■ Local Rule 56.1 of the United States District Court for the Western District of Arkansas imposes additional requirements on the parties relating to motions for summary judgment:

(a) Any party moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine issue to be tried.

(b) If the non-moving party opposes the motion, it shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine issue exists to be tried.

(c) All material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b).

When ruling on a summary judgment motion, the Court must view the facts in the light most favorable to the non-moving party and allow that party the benefit of all reasonable inferences to be drawn from the evidence. *Ferguson v. Cape Girardeau Cty.*, 88 F.3d 647, 650 (8th Cir.1996). On cross-motions for summary judgment, any remaining issue of fact requires a trial for the purpose of hearing additional evidence. *In re Conrad,* 142 B.R. 314, 315 (Bankr.E.D.Ark.1992). In this case, the Court has before it Countrywide's statement of undisputed facts, which the debtor did not controvert. Consequently, pursuant to Local Rule 56.1(c), Countrywide's statement of material facts are deemed admitted. The Court does not require any additional facts or evidence.

Each of the parties filed a motion for summary judgment in this adversary proceeding. The parties relied on collateral estoppel principles and the doctrine of res judicata in support of their respective motions for summary judgment. However, as stated above, the Court found that neither was a sufficient basis for the granting of summary judgment. Regardless, there are sufficient facts presented to the Court for the Court to grant summary judgment in favor of Countrywide.

■ Countrywide filed a statement of undisputed facts with its motion for summary judgment as required by Local Rule 56.1(a) of the United States District Court for the Western District of Arkansas. Paragraph 4 of its statement provides, in relevant part:

4. The undisputed facts of Plaintiff's [state court] Complaint that were admitted as a matter of law pursuant to Arkansas Rule of Civil Procedure 8 by Defendant due to her failure to answer Plaintiff's Complaint are as follows:

. . .

aa. Defendant and Co–Debtor fraudulently misrepresented their financial status by failing to disclose that they had obtained a mortgage on the exact property from another lender only a few days prior to the NEW CENTURY mortgage.

bb. Defendant and Co–Debtor made false representations of a material fact.

cc. Defendant and Co–Debtor or either of them knew the representation was false or reasonably should have known the representation was false.

dd. Defendant and Co–Debtor intended to induce NEW CENTURY to

act in reliance upon the misrepresentation.

ee. NEW CENTURY justifiably relied on the representations and as a result sustained damages in the amount of $65,968.90 together with consequential and incidental damages, attorney's fees, costs and lost profits.

These are material facts that, if true, meet Countrywide's burden of proof under § 523(a)(2)(A). The debtor did not controvert any of these material facts. Under Local Rule 56.1(c) of the United States District Court for the Western District of Arkansas, all uncontroverted material facts set forth in a statement of material facts shall be deemed admitted.

Taking the above material facts as true, the Court finds that (1) there are no genuine issues of material fact remaining to be heard and Countrywide is entitled to summary judgment as a matter of law; (2) Countrywide has met its burden of proof regarding each of the elements under § 523(a)(2)(A); and (3) the debtor obtained the debt to New Century by "false pretenses, a false representation, or actual fraud." Accordingly, the Court finds that the debt to Countrywide is excepted from discharge under § 523(a)(2)(A) in the debtor's bankruptcy case.

For the reasons stated above, the Court grants Countrywide Home Loans, Inc.'s motion for summary judgment, and denies Carole Sue Blair's motion for summary judgment. The hearing on the complaint and answer currently set on July 26, 2005, in the United States Bankruptcy Court, Harrison, Arkansas, is cancelled.

IT IS SO ORDERED.