**Ann RUPLE, Appellant,**

v.

**CITY OF VERMILLION, SOUTH DAKOTA, a municipal corporation; Carl Weinaug, Individually and as City Manager of the City of Vermillion, South Dakota; Charles Woodman, individually and as Mayor of the City of Vermillion, South Dakota; and Dorn Van Cleave, Archie Teigen, James Julian, and Loren Carlson, as Aldermen of the City of Vermillion, South Dakota, Appellees.**

No. 83–1131.

United States Court of Appeals,
Eighth Circuit.

Submitted June 16, 1983.

Decided Aug. 19, 1983.

Rehearing and Rehearing En Banc
Denied Sept. 28, 1983.

Lawrence L. Piersol, Michael J. Schaffer, Davenport, Evans, Hurwitz & Smith, Sioux Falls, for appellees.

C.E. Light, Light Law Offices, Yankton, S.D., for appellant.

Before LAY, Chief Judge, SWYGERT *, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ARNOLD, Circuit Judge.

This action arises out of Ann Ruple's dismissal from her position as Finance Officer of the City of Vermillion, South Dakota. The defendants are the City, the City Manager, the Mayor, and four aldermen who voted to dismiss plaintiff. The District Court[1] dismissed the complaint on the ground of res judicata, holding that a prior judgment against the plaintiff in a state court barred the action. We affirm.

After her dismissal, plaintiff first sought relief in the Circuit Court for the First Judicial Circuit of South Dakota. She filed a complaint pleading theories of breach of contract and defamation. The complaint was dismissed on summary judgment. *Ann*

*Ruple v. Carl Weinaug,* No. 82–10 (Mar. 26, 1982, Cir.Ct., Clay County, S.D.), and the judgment of dismissal has now been affirmed by the Supreme Court of South Dakota. *Ruple v. Weinaug,* 328 N.W.2d 857 (S.D.1983). The state courts held, among other things, that plaintiff's position as Finance Officer was terminable at the will of the City Council.

Plaintiff's present complaint, filed in the federal court after dismissal of her first complaint by the state trial court, alleges a violation of 42 U.S.C. § 1983, in that she was deprived of property (her job) and liberty (her reputation) without due process of law, that is, without reasonable notice or hearing. Res judicata, of course, applies only if the second action is on the same "cause of action" as the first, and that is the principal issue raised by this appeal. At common law, the term "cause of action" was given a rather rigid and technical construction. That is, if someone brought debt to recover possession of a specific thing, and the action was dismissed, a second action, this time in the form of detinue, would not be barred. The second case, it was said, was on a different "cause of action." The concept, though technical, had at least the virtue of clarity. More recently, the phrase "cause of action," or "claim," the term now favored by most courts, has been given a more practical construction. It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same "claim" or "cause of action" for purposes of res judicata. Since the forms of action have been abolished, and joinder of claims and amendment of pleadings are liberally permitted in both federal and state courts, there is no reason to give a claimant more than one fair chance to present the substance of his or her case.

Here, the effect of the prior judgment is governed by the law of South Dakota, the law of the forum that rendered the

* The Honorable Luther M. Swygert, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

judgment. See 28 U.S.C. § 1738. If by that law a second action would be precluded in a state court, then it is also normally precluded in a federal court. There are exceptions to this principle, see *Haring v. Prosise,* —— U.S. ——, ——, 103 S.Ct. 2368, 2372, 76 L.Ed.2d 595 (1983), but none of them applies here. The Supreme Court of South Dakota has recently made clear that it adheres to the practical definition of "cause of action" just discussed, *Golden v. Oahe Enterprises, Inc.,* 90 S.D. 263, 240 N.W.2d 102, 109–10 (1976), and on that basis we must conclude that this action is barred. There is no reason why plaintiff could not have presented her federal theories in the state court. All of her theories of relief arise out of her dismissal as Finance Officer, and they all depend upon a single series of transactions and occurrences. Absent special circumstances, all of the theories that a dismissed employee can bring to play to challenge the dismissal should be raised and decided in the same lawsuit. *Cf. Poe v. John Deere Co.,* 695 F.2d 1103 (8th Cir.1982) (federal law); *Brown v. St. Louis Police Department,* 691 F.2d 393 (8th Cir.1982) (Missouri law).

■ Plaintiff suggests several reasons why these principles should not apply to her case. First, she says that she never had a trial of the facts, and therefore did not have in the state courts a full and fair opportunity to litigate the validity of her discharge. The answer is that a judgment entered on a motion to dismiss or for summary judgment is just as binding as a judgment entered after a trial of the facts. Indeed, in a sense a plaintiff who has not even alleged a material issue of fact and who suffers summary judgment on that ground has met a more decisive defeat than one who has tried her case and lost by the verdict of the jury or the court. Here, the state court held that plaintiff's employment was terminable at will, and that plaintiff had no claim for defamation because the publicity that was given to her discharge came as a result of her own action in handing to the press a copy of a confidential report prepared by the defendant City Manager. The state-court summary judgment reaching these conclusions on the basis of facts that were either undisputed, or as to which plaintiff had failed to raise a genuine issue, is fully entitled to res judicata effect. *Cf. Vorbeck v. Whaley,* 620 F.2d 191 (8th Cir.1981) (per curiam) (state-court judgment based on motion to dismiss given res judicata effect in later federal-court suit under § 1983).

Plaintiff also urges that she should benefit from the fact that some of the parties in the present case were not parties in the state court. In the state suit, plaintiff named as defendants the City and the City Manager. Here, she has added the Mayor and four members of the City Council. Again, there is a short answer to this contention. The newly named defendants are in privity with those who were defendants in the state court. In other words, they are so closely related to the state-court defendants, and their interests are so nearly identical, that it is fair to treat them as the same parties for purposes of determining the preclusive effect of the state-court judgment. Any other rule would enable plaintiff to avoid the doctrine of res judicata by the simple expedient of not naming all possible defendants in her first action.

In sum, we agree with the District Court that the state-court judgment bars this action.

Affirmed.