In re SOUTHERN HEALTH CARE
OF ARKANSAS, INC., Debtor.

William S. Meeks, Plaintiff,

v.

Healthcorp of Tennessee, Inc.; Rain-
maker, LLC; T. Farrell Hayes; Kim
G. Geselbracht; Tina Brown; Phillip
D. Bandy; Southern Health Care of
Alabama, Inc.; F. Allen Tucker, Jr.;
Robert E. Emerson, III; John M.
Jackson; Kyle E. Hedrick; Augustus
H. Saville; J. Patterson Corey; B.
Thomas Hickey, Jr.; Bobby R. Poe;
Troy C. Bradley; Carolyn Jenkins;
Bobby L. Blann, Defendants.

Healthcorp of Tennessee, Inc.,
Counterclaimant,

v.

William S. Meeks, Counterdefendant.

Robert E. Emerson, III; John M. Jack-
son; Augustus H. Saville; F. Allen
Tucker, Jr., Cross–Claimants,

v.

Tina Brown; Kim G. Geselbracht; T.
Farrell Hayes; Healthcorp of Tennes-
see, Inc.; Rainmaker, LLC, Cross–De-
fendants.

Bankruptcy No. 5:02–BK–21250.
Adversary No. 5:03–AP–01133.

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Sept. 9, 2004.

Thomas S. Streetman, Streetman, Meeks & McMillan, Crossett, AR, for plaintiff.

Martin W. Bowen, Armstrong Allen, PLLC, James F. Dowden, James F. Dowden, P.A., Little Rock, AR, Eugene D. Bramblett, Eugene D. Bramblett, P.A., Camden, AR, Anthony A. Jackson, Chambliss Law Firm, Chattanooga, TN, John Kooistra, III, Williams & Anderson, Little Rock, AR, for defendants.

## OPINION

RICHARD D. TAYLOR, Bankruptcy Judge.

Before the Court is the "Motion of Healthcorp Defendants for Summary Judgment" [the Motion] filed by separate defendants HealthCorp of Tennessee, Inc.; Farrell Hayes; Rainmaker Financial, LLC; Kim Geselbracht; Tina Brown;and Phil Bandy [collectively the HealthCorp Defendants]. Also before the Court is the "Motion for Summary Judgement" [Motion for Summary Judgment] filed by F. Allen Tucker, Jr.; Robert E. Emerson, III.; John M. Jackson, M.D.; and Augustus H. Saville, M.D [collectively the Defendants]. The Court heard these matters on June 23, 2004, and took them under advisement.

For the reasons stated below and in accordance with Federal Rule of Bankruptcy Procedure 7056, the Motion is granted, and the complaint and causes of action asserted by William S. Meeks, Trustee, against the HealthCorp Defendants are dismissed with prejudice. This order does not relate to, and this dismissal does not include, any cross-claims asserted against any one or more of the HealthCorp Defendants.

Further, as set forth below, the Defendants Motion for Summary Judgment is denied.

## JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and this is a core proceeding under 28 U.S.C. § 157(b)(2). The following order constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

## HISTORY AND PLEADINGS

Southern Health Care of Arkansas, Inc. [the debtor], operated the Dallas County Hospital located in Fordyce, Arkansas. The debtor filed a voluntary chapter 7

bankruptcy petition on October 3, 2002. William S. Meeks [Meeks] is the duly appointed and acting chapter 7 trustee. In that capacity, Meeks filed numerous lawsuits, one of which is pertinent to the Motion.

**The RICO Suit**

On May 2, 2003, Meeks filed a RICO action in the United States District Court for the Eastern District of Arkansas, Pine Bluff Division, styled William S. Meeks, Trustee v. T. Farrell Hayes; Kim G. Geselbracht; Philip D. Bandy; Tina Brown; HealthCorp of Tennessee, Inc.; Southern Healthcare of Alabama, Inc.; The Brown Agency; and Rainmaker, LLC [the RICO Suit or the RICO Complaint]. In addition to a civil RICO cause of action, Meeks sought relief for common law fraud and conspiracy to defraud.

In the RICO Suit, the HealthCorp Defendants moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action. In its order of September 23, 2003, entered September 24, 2003, the District Court found that Meek's RICO Complaint failed to allege sufficiently RICO violations and common law fraud. Meeks was granted 15 days to amend his RICO Complaint on pain of dismissal.

Meeks did not amend the RICO Complaint. Accordingly, the District Court dismissed the RICO Suit by its order dated October 27, 2003, entered October 28, 2003.

**The Adversary Proceeding**

On May 1, 2003, Meeks filed the adversary proceeding [the Adversary Proceeding or the Adversary Complaint] currently pending before this Court. The Health-Corp Defendants seek summary judgment on the basis of res judicata. All six HealthCorp Defendants were named in both the RICO Suit and the Adversary Proceeding. In his Adversary Complaint, Meeks seeks relief in the form of turnover, constructive fraud, preference, equitable subordination, breach of fiduciary duty, and negligence.

**FACTUAL PREDICATES**

The Adversary Complaint and the RICO Complaint clearly reflect facially different causes of action. However, integral to this Court's conclusion is an examination of the underlying factual basis for each complaint and the attendant causes of action.

In each complaint, the parties and jurisdiction are clearly set forth under appropriate designations. Further, each contains a section, designated Roman numeral three, enumerating the operative facts. A res judicata analysis in the Eighth Circuit requires that the Court determine if the apparent disparate causes of action arise out of the "same nucleus of operative fact, or is based upon the same factual predicate ...." *Landscape Props., Inc. v. Whisenhunt,* 127 F.3d 678, 683 (8th Cir.1997)(citing *Ruple v. City of Vermillion, S.D.,* 714 F.2d 860, 861 (8th Cir. 1983)), *cert. denied,* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984).

Under Roman numeral three in the RICO Complaint, there are 18 factual paragraphs, numbered 13 through 30. Also under Roman numeral three in the Adversary Complaint, there are 25 factual paragraphs, numbered 22 through 46.

The HealthCorp Defendants introduced a chart, HealthCorp Defendants' Exhibit B, outlining the similarities between the two pleadings.[1] It is apparent from

1. The Court notes that the Exhibit B comparison narrative is not entirely accurate because it implies that the exact same language is contained in each of the corresponding paragraphs. However, there are omissions or ad-

HealthCorp Defendants' Exhibit B, as well as the Court's review of the two pleadings, that the two pleadings are based upon the same nucleus of operative facts relating to the HealthCorp Defendants. The more expansive factual allegations contained in the Adversary Complaint can be characterized as generally relating to additional defendants (including the Defendants) who are principally board members of the debtor.[2] As they relate to the HealthCorp Defendants, the additions are derivative of and based upon the same factual allegations contained in the RICO Complaint. The additional factual allegations in the Adversary Complaint relate mostly to the alleged failure of board members to perform appropriately as officers and directors or supervise adequately the activities of the debtor and the original HealthCorp Defendants.

## SUMMARY JUDGMENT

Federal Rule of Bankruptcy Procedure 7056 provides that Federal Rule of Civil Procedure 56 applies in adversary proceedings. Rule 56 states that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R.Civ.P. 56(c)*. The burden is on the movant to establish the absence of material fact and identify portions of pleadings, depositions, answers to interrogatories, admissions on file, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477

U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party, who must then "go beyond the pleadings" and by his or her own affidavits, depositions, answers to interrogatories, and/or admissions on file, designate specific facts to demonstrate that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548. When ruling on a summary judgment motion, the Court must view the facts in the light most favorable to the non-moving party and allow that party the benefit of all reasonable inferences to be drawn from the evidence. *Ferguson v. Cape Girardeau Cty.,* 88 F.3d 647, 650 (8th Cir.1996).

## RES JUDICATA

■ The HealthCorp Defendants assert that the previous District Court dismissal mandates summary judgment on the basis of res judicata. The appropriate elements are clear. According to the Eighth Circuit Court of Appeals,

> [i]n applying the Eighth Circuit test for whether the doctrine of res judicata bars litigation of a claim, we examine whether (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was a final judgment on the merits, and (3) both cases involve the same cause of action and the same parties.

*Canady v. Allstate Ins. Co.,* 282 F.3d 1005, 1014 (8th Cir.2002).

■ As to the first element, Meeks clearly chose the original forum when he filed his RICO Complaint. Meeks suggestion in his brief that the Federal District Court lacked jurisdiction over unique bankruptcy code related causes of action

---

ditions that are not clearly identified or referenced in Exhibit B.

**2.** The new defendants listed in the Adversary Proceeding are F. Allen Tucker, Jr.; Robert A. Emerson, III.; John M. Jackson, M.D.; Kyle E. Hedrick; Augustus H. Saville, M.D.; J.

Patterson Corey; B. Thomas Hickey, Jr.; Bobby R. Poe; Troy C. Bradley; Carolyn Jenkins; and Bobby Blann. The Court also notes that The Brown Agency was sued in the RICO Suit but not in the Adversary Proceeding.

ignores the fact that he filed the RICO Suit post-petition, when all remedies were available to him, and a suitable vehicle exists under 28 U.S.C. § 157 to make or withdraw the reference as appropriate and based on the initially selected forum. With respect to the second element, Meeks conceded during argument that the prior RICO Suit dismissal was a final judgment on the merits. *Accord Ruple v. City of Vermillion, S.D.,* 714 F.2d 860, 862 (8th Cir.1983)("[A] judgment entered on a motion to dismiss or for summary judgment is just as binding as a judgment entered after a trial of the facts.").

Thus, the Court must determine if both proceedings involve the same cause of action and the same parties. The second part is the easiest. Meeks was the plaintiff and the HealthCorp Defendants were defendants in both cases.

The first part requires more analysis. Specifically, the Court must examine the phrase "cause of action" as that term has evolved in the context of res judicata. In *Ruple,* the court stated the following:

> At common law, the term "cause of action" was given a rather rigid and technical construction. That is, if someone brought debt to recover possession of a specific thing, and the action was dismissed, a second action, this time in the form of detinue, would not be barred. The second case, it was said, was on a different "cause of action." The concept, though technical, had at least the virtue of clarity. More recently, the phrase "cause of action," or "claim," the term now favored by most courts, has been given a more practical construction. It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same "claim" or "cause of action" for purposes

of res judicata. Since the forms of action have been abolished, and joinder of claims and amendment of pleadings are liberally permitted in both federal and state courts, there is no reason to give a claimant more than one fair chance to present the substance of his or her case.

*Ruple,* 714 F.2d at 861. *See also Canady,* 282 F.3d at 1015 (finding res judicata using a side by side factual comparison of the respective complaints with simply a supplanted legal theory extant in the second pleading, and citing *NAACP v. Metropolitan Council,* 125 F.3d 1171, 1174 (8th Cir. 1997)("The same cause of action framed in terms of a new legal theory is still the same cause of action.")); *Whisenhunt,* 127 F.3d at 683 ("[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata."); *Engelhardt v. Bell & Howell Co.,* 327 F.2d 30, 32–33 (8th Cir.1964)(stating that federal and state claims are the same for res judicata purposes when "the basic wrongful acts pleaded in all actions appear to be the same . . . .").

■■ While on its face extreme, the application of res judicata is fair and not optional. The Supreme Court has stated that "[t]he doctrine of res judicata is not a mere matter of practice or procedure . . . . It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts . . . ." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 401, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)(citing *Hart Steel Co. v. Railroad Supply Co.,* 244 U.S. 294, 299, 37 S.Ct. 506, 61 L.Ed. 1148 (1917)).

■ This requires the Court to consider " 'whether the facts are related in time, space, origin, or motivation, whether they

form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations . . . ." *United States v. Gurley,* 43 F.3d 1188, 1196 (8th Cir.1994)(citing *Lane v. Peterson,* 899 F.2d 737, 742 (8th Cir.1990)quoting *Restatement (Second) of Judgments* § 24(2)(1980)).

The Court finds that, as they relate to the HealthCorp Defendants, the core facts alleged in each of the two complaints are the same nucleus of operative facts sufficient to invoke the principle of res judicata.

■ With respect to elements one, "jurisdiction," and three, "same cause of action," Meeks argues that the Adversary Proceeding raises causes of action unique to bankruptcy, such as the trustee's avoiding causes of action under 11 U.S.C. §§ 544, 547, 548, and 510. This argument fails for the precise policy reasons underlying the doctrine of res judicata, namely, "[t]he legal theories of the two claims are relatively insignificant because 'a litigant cannot attempt to relitigate the same claim under a different legal theory of recovery.'" *Gurley,* 43 F.3d at 1195 (quoting *Poe v. John Deere Co.,* 695 F.2d 1103, 1105 (8th Cir.1982)).

Specifically, Meeks filed both actions after the bankruptcy was filed and in his capacity as trustee. With respect to the HealthCorp Defendants, each suit was predicated on the same nucleus of operative facts. Accordingly, he had available to him in each proceeding all the remedies extant both under state and federal law, including the bankruptcy code. *See Ruple,* 714 F.2d at 861 ("Since the forms of action have been abolished, and joinder of claims and amendment of pleadings are liberally permitted in both federal and state courts, there is no reason to give a claimant more than one fair chance to present the substance of his or her case."). That Meeks chose to file two separate suits was his

decision. He could have filed all of his causes of action in one lawsuit and allowed the initial forum, whether the Bankruptcy Court or Federal District Court, to retain or withdraw the reference as appropriate. Meeks's choice to file two proceedings simply initiated a self-inflicted "race to the courthouse," which resulted in an adverse, and now ultimately conclusive, dismissal.

**REMAINING DEFENDANTS**

In addition to the HealthCorp Defendants, Meeks sued eleven other defendants in the Adversary Proceeding. Four of these additional defendants, F. Allen Tucker, Jr.; Robert E. Emerson, III; John M. Jackson; and Augustus H. Saville [the Defendants], filed a joint Motion for Summary Judgment. The Defendants served as directors for the debtor at various times prior to its chapter 7 filing. The Defendants assert they are entitled to summary judgment if the HealthCorp Defendants are entitled to summary judgment. The Defendants argue that their liability is based solely upon their failure to stop the HealthCorp Defendants from taking the actions constituting the factual predicates to both the RICO Suit and the Adversary Proceeding.

As set forth above, the doctrine of res judicata bars Meeks from pursuing his claims against the HealthCorp Defendants. However, it does not immediately follow that the Defendants benefit from this legal conclusion in their effort to have the Adversary Complaint dismissed on summary judgment.

■ The Defendants seek summary judgment based on collateral estoppel consequential to the Court's application of res judicata. Here, it is important to recognize the key distinction between res judicata and collateral estoppel. Res judicata is a doctrine of claim preclusion that prevents a party from having a second bite at

the apple by alleging perhaps new or different causes of action based upon the same nucleus of operative facts. Collateral estoppel is a narrow principle involving issue preclusion. *Raytech Corp. v. Official Comm. of Unsecured Creditors of Raytech Corp.*, 217 B.R. 679, 685 (Bankr.D.Conn. 1998). The *Raytech* court stated that,

> [t]he "narrower principle" of collateral estoppel, *see Brown v. Felsen, supra,* 442 U.S. [127,] 139 n. 10, 99 S.Ct. [2205,] 2213 n. 10, 60 L.Ed.2d 767, makes conclusive the determination of an issue in a prior proceeding "in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States, supra,* 440 U.S. [147,] 153, 99 S.Ct. [970,] 973, 59 L.Ed.2d 210. *See also Allen v. McCurry, supra* [449 U.S. 90,] 94, 101 S.Ct. [411] 414–15, 66 L.Ed.2d 308 (1980). "[T]he whole premise of collateral estoppel is that once an issue has been resolved in a prior proceeding, there is no further factfinding function to be performed." *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 336 n. 23, 99 S.Ct. 645, 654 n. 23, 58 L.Ed.2d 552 (1979).

*Id.* at 685–86.

■ In this instance, the Defendants are attempting to use collateral estoppel defensively, which "prevents a plaintiff who was unsuccessful in a prior action from relitigating identical issues merely by naming a new adversary ...." *Raytech,* 217 B.R. at 686. In the Eighth Circuit, "collateral estoppel is appropriate when: (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action."

*Canady,* 282 F.3d at 1016 (quoting *Wellons, Inc. v. T.E. Ibberson Co.,* 869 F.2d 1166, 1168 (8th Cir.1989)).

Prior to analyzing each of the above elements, it is important to make clear exactly what the Defendants are asking this Court to do on summary judgment. The HealthCorp Defendants are entitled to summary judgment on the basis of the claim preclusive effects of res judicata. Accordingly, Meeks cannot pursue the HealthCorp Defendants or make claims against them based upon their alleged fraudulent conduct respecting the debtor. The remaining Defendants posit to the Court that they in turn should be granted summary judgment on the basis that it has now been conclusively determined as fact that the HeathCorp Defendants did not engaged in fraudulent conduct with respect to the debtor. Accordingly, the Defendants cannot be held responsible for their failure to prevent the fraudulent conduct. For this conclusion to follow, all the elements of collateral estoppel must be fully satisfied.

■ The application of res judicata results in claim preclusion for the parties involved, as well as, in certain circumstances, those in privity with them.[3]

---

**3.** The Court is aware of, and distinguishes, *Ruple v. City of Vermillion, South Dakota,* 714 F.2d 860 (8th Cir.1983). In *Ruple,* the plaintiff originally sued the City and the City Manager. In the second suit, the plaintiff added the Mayor and four members of the City Council. The Eighth Circuit viewed this as a mere expedient designed to avoid impermissi-

bly the consequences of res judicata. The old and new defendants in *Ruple* were closely related and held the same identity of interest and, thus, enjoyed the same res judicata benefits. Conversely, the Defendants in the Adversary Proceeding are named as officers and directors of the debtor by Meeks, on behalf of the debtor, and based on alleged breaches of

While res judicata and collateral estoppel will often go hand-in-hand, the application of one will not always dictate the application of the other, especially relating to third parties. In this instance, the Court concludes that the application of collateral estoppel is not appropriate to reach factual conclusions sufficient for summary judgment in favor of the Defendants.

## ELEMENTS OF COLLATERAL ESTOPPEL

### (1) Identity of Issues

■ Determining whether issues are identical is not an exact science. The *Raytech* court notes various definitions and phrases concerning the degree of similarity, all of which in essence require a determination if "the issue to be precluded bears a close relationship to an issue involved in a prior proceeding." *Raytech*, 217 B.R. at 687 n. 11. It can either be a factual determination explicitly made, or decided by necessary implication in the prior proceeding. Further "[t]he application of collateral estoppel does not depend upon a 'complete identity of issues.'" *Id.* at 687 (quoting *Greene v. United States*, 79 F.3d 1348, 1352 (2d Cir.1996)).

The RICO Complaint and the Adversary Complaint deal with the same operative facts respecting the HealthCorp Defendants. However, the issues relating to director liability were not before the Court and would not have been addressed in the RICO Suit. However, the Court's analysis cannot end here. For summary judgment purposes, the Defendants, recognizing that the issues involving the HealthCorp Defendants are essentially the same, assert that they are entitled to summary judgment because their liability is predicated on the acts of the HealthCorp Defendants. Accordingly, for purposes of this opinion, the

Court will consider this element satisfied as it relates to the factual allegations contained in both complaints pertaining to the actions of the HealthCorp Defendants.

### (3) Same party

This element is also satisfied because Meeks is the plaintiff in each proceeding and the party against whom collateral estoppel is asserted.

### (2) Final Adjudication on the Merits and (4) Full and Fair Opportunity to be Heard

This Court's res judicata discussion above would seem to dispose of whether the dismissal of the RICO Suit constitutes an adjudication on the merits for collateral estoppel purposes. However, it does not resolve the conjunctive requirement of a full and fair opportunity to be heard on the issues sought to be conclusively precluded.

At least one Arkansas Bankruptcy Court in reviewing Arkansas law has concluded that "[t]he law in Arkansas regarding this issue is clear and consistent. For collateral estoppel purposes, a 'judgment by default is just as binding and enforceable as judgment entered after a trial on the merits.'" *Glass v. Cagle*, 253 B.R. 437, 439 (Bankr.E.D.Ark.2000)(quoting *Reyes v. Jackson*, 43 Ark.App. 142, 861 S.W.2d 554, 555 (1993)). However, Arkansas courts have circumscribed the application of collateral estoppel, at least when used offensively, stating that "this rule should be available only in limited cases, and that the trial court should be given broad discretion to determine if it should be applied." *Riverdale Dev. Co., LLC v. Ruffin Bldg. Sys., Inc.*, —— Ark. ——, —— S.W.3d ——, 2004 WL 253510 (Ark. Feb.12, 2004).

■ At its least, the "full and fair opportunity" requirement requires an examination of whether the estopped party was

---

duties and obligations to the debtor. The Defendants are in an altogether different legal

posture with respect to the debtor than the HealthCorp Defendants.

"denied procedural, substantive, or evidentiary opportunities to be heard on those facts." *Anthan v. Professional Air Traffic Controllers Org.,* 672 F.2d 706, 710 (8th Cir.1982). These three alternatives are joined by a disjunctive. This Court cannot find as a matter of law that Meeks was denied procedural, substantive, or evidentiary opportunities to be heard in the context of the RICO Suit. He had his opportunity, but simply let it slip away when he failed to amend his complaint and the case was dismissed. Were this Court to simply conclude its examination at this point, then collateral estoppel would really be no different than res judicata and a mere adjudication on the merits would suffice for both. However, a more subjective reading of the additional "full and fair opportunity" element of collateral estoppel, coupled with Eighth Circuit precedent, suggests otherwise.

■ Ab initio, " '[b]ecause the doctrine of collateral estoppel is not rigidly applied, the focus is on whether the application of collateral estoppel will work an injustice on the party against whom estoppel is urged.' " *Id.* (quoting *United States v. Karlen,* 645 F.2d 635, 639 (8th Cir.1981)). The Eighth Circuit has stated:

> We do not view the "full and fair opportunity" requirement as a method for the party asserting estoppel to avoid the actual litigation rule. This rule is that the party against whom estoppel is asserted may use the "full and fair opportunity" requirement to rebut allegations of estoppel. By showing it did not have a full and fair opportunity to be heard on the adjudicated issue, the party avoids the application of collateral estoppel. The rule is there to protect the allegedly estopped party, not to punish it.

*Popp Telcom v. American Sharecom, Inc.,* 210 F.3d 928, 940 (8th Cir.2000).

■ The *Popp* court opined that lower courts, in applying the four elements of collateral estoppel, should recognize that,

> [i]mplicit within this test, however, is the universal recognition that collateral estoppel, which is perhaps better understood as issue preclusion, does not apply in any case unless the disputed issue has actually been litigated and decided. *See Schlichte v. Kielan,* 599 N.W.2d 185, 188 (Minn.Ct.App.1999). *See also Williamson v. Guentzel,* 584 N.W.2d 20, 23 (Minn.Ct.App.1998)("The principle of collateral estoppel (or issue preclusion) prevents the relitigation of an issue identical to one *actually litigated* in a previous action." (emphasis added)); *Haavisto v. Perpich,* 520 N.W.2d 727, 731 (Minn.1994)("The doctrine of collateral estoppel mandates that 'once an issue is *actually* and necessarily *determined* by a court of competent jurisdiction, that determination is conclusive in subsequent suits, based on a different cause of action, involving a party to the prior litigation.' " (citation omitted)(emphasis added)); RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1980)("When an issue of fact or law is *actually litigated* and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same of a different claim." (emphasis added)) . . . .

*Id.* at 939.

Two terms, "actually" and "necessarily" determined, are joined with a conjunction. The RICO Suit was dismissed procedurally for failure to amend the complaint following a successful Rule 12(b)(6) motion. In its initial September 23, 2003, order, the Federal District Court stated, "[t]he Court, however, will not dismiss the complaint at this time but will grant plaintiff

leave to amend the complaint to set forth the allegations under RICO and common law fraud with greater specificity." HealthCorp Defendants' Exhibit C at 6. Because Meeks failed to do so, his RICO Compliant was dismissed by the Federal District Court's October 27, 2003, order. HealthCorp Defendants' Exhibit D.

The Federal District Court never made any factual findings that the HealthCorp Defendants pillaged or defrauded the debtor. In short, the Rule 12(b) dismissal is a final adjudication for res judicata purposes, and perhaps satisfies the same element for collateral estoppel purposes. It does not suffice to meet the express or implicit meaning of being "actually and necessarily determined" or "actually litigated and decided" under the "full and fair opportunity" element of collateral estoppel. *Popp,* 210 F.3d at 939.

For the reasons stated above, the Motion is granted solely as to the Adversary Complaint and causes of action filed by Meeks against the HealthCorp Defendants. The Defendants' Motion for Summary Judgment is denied.

IT IS SO ORDERED.